HERMAN MATTSON v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA
RAILWAY COMPANY.[1]

January 31, 1908.

Nos. 15,446—(177).

**Push Car—Assumption of Risk.**

    Plaintiff, a servant of defendant, was injured while engaged with other
of defendant's employees, in operating a small push car in its yards. A
verdict was directed for defendant. It is *held* (1) that all dangers and
risks incident to the operation of the car were open and apparent to plain-
tiff and were assumed by him, and (2) that defendant was not negligent
in failing to warn and instruct him of such dangers.

Action in the district court for St. Louis county to recover $1,995.95
damages for personal injuries. The case was tried before Cant, J.,
who directed the jury to return a verdict in favor of defendant. From
an order denying his motion for a new trial, plaintiff appealed. Af-
firmed.

*John Jenswold, Jr.,* for appellant.

*Washburn, Bailey & Mitchell,* for respondent.

BROWN, J.

Action to recover damages for personal injuries, in which a verdict
was directed for defendant, and plaintiff appealed from an order de-
nying a new trial.

The facts are as follows: Plaintiff was engaged with other laborers
in defendant's employ in the work of moving track material from one
point in defendant's yards in Duluth to another some distance away.
The work was in charge of a foreman, and consisted in loading the
material upon a small push car in general use for similar purposes
in railroad yards, and then pushing it to the point of unloading. To
thus move the car back and forward, employees would, while seated
thereon, force the same along by the use of their feet, striking their
heels upon the ground and pushing the car forward. They would seat
themselves in the rear, on the forward end, and along the sides of the

[1] Reported in 114 N. W. 759.

car, all using their exertions in the manner stated to assist in moving the car. Those seated on the forward end would "dig their heels in the ground and pull forward." This work had been under way for some time prior to the accident in question, and plaintiff was entirely familiar with the mode of operation. At the time in question plaintiff was occupying a position on the forward end, with his feet hanging down, and engaged in assisting its movement in the manner stated, when he either lost his balance by a jar of the car on the track, or his foot was caught as the car was passing over another line of railroad, and he was injured. There is some evidence that the foreman ordered plaintiff to board the car just before the accident and assist in moving it, and that in compliance with his order he took the position he did, the only one, he testified, vacant at the time. The work was in progress in the daytime, the car was not being propelled at a high or dangerous rate of speed, and the situation and all dangers connected with it were open and apparent to plaintiff, a person of mature years.

The negligence charged in the complaint is that defendant "did carelessly and negligently order and require the said crew, including the plaintiff, to sit down upon and along all sides of said car, and, with their feet hanging down therefrom and onto the ground, pull and push said car along said track at as high a rate of speed as they were able; that plaintiff was, within the knowledge of the defendant, ignorant of such work and of the risks and dangers connected therewith, but nevertheless the defendant carelessly and negligently failed to give him any warning or instruction of the risks or dangers therewith connected, or of what position to take and how to do his work without subjecting himself to danger, and in manner as aforesaid, while plaintiff and said crew were so seated with the knowledge and permission of the defendant and under its orders, defendant did thereby cause said car to acquire such a high rate of speed" as to cause him injury.

Plaintiff relied for recovery in part upon the federal employer's liability act, recently declared unconstitutional by the supreme court of the United States, and in part upon the general allegations above quoted. The decision of the supreme court eliminates from considera-

tion the question whether any liability exists under the federal statute, and we have only to inquire whether the evidence presented a question of fact for the jury upon the other claim of negligence.

We have no difficulty in reaching a conclusion upon this subject. No claim was made that defendant's roadbed or track was defective or out of repair, or that the push car was imperfect in any respect, or that the accident to plaintiff was occasioned by any negligent act of a fellow worker. The sole claim is that it was negligence on the part of defendant to conduct the work in the manner stated, and also in the alleged failure to warn and instruct plaintiff of the dangers incident thereto. We discover nothing in the operation of this car upon which to predicate a charge of negligence, and the rule requiring warning and instruction does not apply. Plaintiff was forty five years of age, with some previous experience in railroading. All dangers connected with the work in which he was engaged were obvious and apparent, and not such as to impose upon the master the duty to warn and instruct him. Hermann v. Clark, 89 Minn. 132, 94 N. W. 436; Hagglund v. St. Hilaire Lumber Co., 97 Minn. 94, 106 N. W. 91; McKenna v. Chicago, M. & St. P. Ry. Co., 92 Minn. 508, 100 N. W. 373, 101 N. W. 178; Dixon v. Union Iron Works, 90 Minn. 492, 97 N. W. 375; Boyer v. Eastern Ry. Co. of Minn., 87 Minn. 367, 92 N. W. 326.

Order affirmed.