WILLIAM DUNN, PLAINTIFF IN ERROR, v. FRANK McNAMEE ET AL., DEFENDANTS IN ERROR.

A person, under age, who is employed in operating a dangerous machine knowing it to be so, and being old enough to appreciate its dangers, assumes those risks which are incident to its operation, to the same extent as a person of mature years, and no action will lie against his employer for injuries received by him in such a case.

---

On error to the Hudson Circuit Court.

For the plaintiff in error, *Warren Dixon.*

For the defendants in error, *William P. Douglass.*

The opinion of the court was delivered by

Gummere, J.  This is a suit to recover for personal injuries received by the plaintiff while in the employment of the defendants, and for which he seeks to hold them responsible.  The defendants were engaged in the bottling business,

in the city of Jersey City, and the plaintiff, who was nineteen years old, was employed by them as a "passer under," his duty being to put bottles in the bottling machine and to remove them again after they had been filled by the man who was operating it. He entered the defendants' employ in February, 1894, and remained with them until the 3d day of August in that year. On that day he was put to work, by the defendants' foreman, on the bottling machine to bottle ginger ale, and continued at that work during the whole of the forenoon. He returned to the same work, at the expiration of the noon hour, and the first bottle which he filled and capped burst, and one of the flying pieces of glass struck him in the eye, entirely destroying its sight.

It appeared from the evidence adduced, on the part of the plaintiff, that the bursting of bottles in bottling machines, while in process of filling and capping, was a matter of frequent occurrence, and had often happened in the presence of the plaintiff. It further appeared that when a bottling machine came from the maker it was protected by gates which prevented the flying glass of bursting bottles from injuring the person who was operating the machine, but that these gates were almost always removed from the machine by the workmen, not only in the defendants' establishment but in other places, and a piece of board substituted as a protection, in order that the machine might be worked more rapidly than it could be if the gates were permitted to remain on it. It was also shown that the machine in question had been originally furnished with gates, but that they had been removed, and the usual board put up in front of the machine to protect the person operating it. It was further proved that the men employed on bottling machines sometimes wore masks to protect their faces from glass, but whether such masks were furnished by the employer or the employe was not shown. It would appear, however, that masks were not in use in the establishment of the defendants, as the plaintiff testified that he never saw any there.

The trial judge, conceiving that this state of facts did not

impose upon the defendants any legal liability to compensate the plaintiff for the injury received by him, directed a nonsuit, and the correctness of that ruling is now before us for review.

It is urged, on behalf of the plaintiff, that the liability of the defendants was conclusively shown, because, by permitting the gates to be removed from the bottling machine, and a section of board to be substituted for the protection of the operator, they rendered the machine unsafe for use, and yet neglected to furnish the plaintiff with a mask to shield his face from the flying glass from bursting bottles.

But the assumption that the machine was rendered unsafe, by removing the gates and using the board as a protection in their place, does not seem to me to be warranted by the proofs; for, although it appears that it is the common practice, not only in the defendants' establishment, but also in those of other bottlers, to use the board instead of gates, it does not appear that an accident ever occurred, either at the defendants' or elsewhere, to a person operating one of these machines without a mask, and using only the board as a protection, until the occasion upon which the plaintiff lost his eye.

But, accepting the assumption of the plaintiff as true that the removal of the gates and the substitution of the board increased the risk of the operator to injury from the glass flying from bursting bottles, we would not be justified in disturbing the nonsuit. The danger, if it existed, was an obvious one. The plaintiff was familiar with the machine, and knew as well as anyone else the danger to be apprehended from working it. The law is entirely settled, that, under such circumstances, the servant takes upon himself the risks incident to the employment, and that no action will lie against the master for injuries to the servant in such cases. *Foley* v. *Jersey City Electric Light Co.*, 25 *Vroom* 411, and cases cited; *Buckley* v. *Gutta Percha Co.*, 113 *N. Y.* 540; *Sullivan* v. *India Manufacturing Co.*, 113 *Mass.* 396, 399.

Nor is the fact that the plaintiff was a minor material.

He was nineteen years of age, old enough to fully appreciate the danger of operating the machine, and, consequently, took upon himself the risks incident to his employment the same as a person of more mature age. *Hickey* v. *Taaffe*, 105 *N. Y.* 26; *Buckley* v. *Gutta Percha Co., supra.*

The trial judge properly directed a nonsuit, and the judgment below should therefore be affirmed, with costs.

DIXON, J. (dissenting). I vote to reverse this judgment of nonsuit, on the ground that a master, who employs minors to work upon dangerous machinery, is bound to take care, not only that the minors shall perceive the danger, but also that they shall receive necessary instruction as to the reasonable means of avoiding or lessening the danger, so that they may be upon a level, as far as practicable, with workmen of mature age.

In this case, a part of the machine at which the plaintiff was set to work consisted of gates, intended to enclose the bottle while being filled, so that if it burst the fragments would not be scattered. These gates had been taken off to facilitate the work of filling. Their removal made the machine defective and dangerous. The plaintiff knew nothing of the gates; had he known, he might, by replacing them, have guarded himself against the danger which resulted in his injury.

It is not claimed that the plaintiff was negligent; the claim is that he assumed the risk. But the true rule is, that a minor employe assumes even apparent risks only so far as he is presumed to understand, or has been properly instructed in, the means of obviating them by due care; and if the master has taken no care to give him necessary instructions, and injury results through the lack of them, the master is responsible.

*For affirmance*—THE CHANCELLOR, GUMMERE, MAGIE, VAN SYCKEL, BOGERT, DAYTON, KRUEGER, NIXON. 8.

*For reversal*—DEPUE, DIXON, LIPPINCOTT, BARKALOW, HENDRICKSON. 5.