## McArthur Bros. Co. v. August F. Nordstrom.

1. INSTRUCTIONS—*Excessive Caution on Part of Master, When the Servant has Knowledge of His Peril.*—Where an injured person had worked for about three months at the same kind of work, and must be chargeable with the common knowledge of the perils incident to it, it is error to charge the jury that the duty of knowing and informing the servant of a hazard that he knew as well as the foreman did, was incumbent upon the master, without the exercise of any correlative duty or care upon the part of the servant.

2. SAME—*Employer and Workman—Erroneous and Mischievous.*— An instruction that the giving of an order, generally, to go to work and do something that is a part of the general work on hand, which is not in the doing of it an_increase of the hazard of the general job, implies an assurance to the servant that there is no danger in the doing of it, irrespective of how the servant may perform what he is told to do, is not good law in the abstract, and as applied to the evidence in this record, was erroneous and mischievous.

**Action in Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed February 13, 1900.

AMERICUS B. MELVILLE, FRANK J. CANTY and H. W. MAGEE, attorneys for appellant.

SETH F. CREWS and RALPH CREWS, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellant was a contractor engaged in the work of excavating rock for the channel of the drainage canal. The appellee was an employe of the appellant and worked in the night time. His duties were to assist in filling broken rock into buckets that were carried by a hoisting cable to the dump on the canal bank. This broken rock consisted of large and small pieces that were produced by dynamite explosions, and lay in sloping piles, the clearing away of which was the work appellee was engaged in.

While so at work, a large piece of loose rock slid down the pile and upon one of appellee's legs and broke it, so that its amputation between the knee and ankle became necessary.

To recover compensation for his injuries this suit was brought, resulting in a verdict and judgment against appellant for $5,750, and this appeal has followed.

The appellee was at work at the foot of the sloping pile, and testified that shortly before he was hurt, the foreman of the gang told him to " clean up " the bucket that had just been filled, so it might be hoisted, and that he was engaged in doing so when the rock that slid forward from the pile caught his leg. The piece of rock that slid forward upon the appellee, lay upon the slope from three to five feet from the bottom.

The tenth and eleventh instructions, given at the request of appellee, were as follows:

" 10. The court instructs the jury that it was the duty of the defendant to see that the pile of rock was reasonably safe before ordering the plaintiff to work in that particular place.

And you are further instructed, that if you believe from the evidence that the defendant, through its foreman, by the exercise of ordinary care, could have discovered the condition of the rock which fell upon the plaintiff, then as a matter of law the defendant was presumed to know, because by the law he should have known of the condition of the rock, and it was the duty of the foreman to inform the plaintiff of the condition."

" 11. The court instructs the jury that when the master

orders a servant to perform his work, the servant has a right to assume that the master, with his superior knowledge of the facts, would not expose him, the servant, to unnecessary perils; the servant has a right to rest upon the assurance that there is no danger, which is implied by such an order.

The primary duty of the servant is obedience, and he can not be charged with negligence in obeying the order of the master unless he acts recklessly in so obeying.

Whether Nordstrom, the plaintiff, was directed by the foreman to work at the particular kind of work, and at the particular place where he was working at the time when he was injured, are questions of fact for the jury to determine from the weight of the evidence. And if you believe from a preponderance of the evidence, that the foreman ordered the plaintiff to work at the particular work he was doing when injured, then whether he acted recklessly in obeying the foreman's order, or whether he acted as a reasonably prudent person should act, are questions of fact to be determined by the jury."

There is no evidence in the record from which it may be inferred that the work in which the appellee was engaged was especially hazardous, or, at least, that its hazards were not such as were perfectly obvious to every workman.

Appellee had worked for appellant and another contractor on a rock cut of the same kind, for about three months at the same kind of work, and must be chargeable with the common knowledge that large pieces of rock lying upon a sloping pile of loose rock are likely to slide down if the lower part of the pile is disturbed.

The bucket or "skip" which appellee had assisted to fill and had been directed to "clean up" preparatory to its being hoisted, stood at the bottom of the slope, and in working about it the appellee was bound to keep in mind the liability of the upper pieces of stone upon the pile to slide down upon him. Under such circumstances it was not proper to charge the jury, as the tenth instruction does, in effect, that the duty of knowing and informing the appellee of a hazard that he knew as well as the foreman did, was incumbent upon the appellant without the exercise of any correlative duty of care upon the part of appellee.

Coming to the eleventh instruction, it is not the law, as

there in effect stated, that the giving of an order, generally, to go to work and do something that is part of the general work in hand, which is not, in the doing of it, an increase of the hazard of the general job, implies an assurance to the employe that there is no danger in the doing of it, irrespective of how the employe may perform what he is told to do.

The "cleaning up" of the bucket is shown by appellee's own testimony to have been the usual course of the work whenever the bucket was filled, so that when it came to be hoisted and caused to swing, the loose stones would not fall over the edge and hurt workmen below.

The eleventh instruction is not good law in the abstract, and as applied to the evidence in this record was most erroneous and mischievous.

Appellee's eighteenth instruction sails "close to the wind" upon the subject of pain and suffering, but if there be error in it, such error can be avoided at the next trial by a careful observance of the rule in relation to such matter, recently adopted by the Supreme Court in Chicago City Ry. Co. v. Anderson, 182 Ill. 298.

In view of the necessary reversal of the judgment because of the erroneous instructions, we refrain from a fuller discussion of the evidence, especially upon the question of a proper lighting of the place in which appellee worked. Reversed and remanded.