66 652
69 450

ERNEST HESSE v. THE NATIONAL CASKET COMPANY.

Argued June 21, 1901—Decided July 2, 1901.

An employe, although a minor, in accepting service, assumes the risk of such dangers connected with his employment as are obvious to him, and cannot hold his employer responsible for injuries resulting therefrom, notwithstanding the latter has failed to point out such dangers to him.

On error to the Supreme Court.

For the plaintiff in error, *Weller & Lichtenstein.*

For the defendant in error, *Henry S. White.*

The opinion of the court was delivered by

GUMMERE, J. This action was brought by the plaintiff in error, a boy sixteen years of age, to recover damages for injuries received by him, while in the service of the defendant, by coming in contact with a circular saw at which he was working. The saw ran through an iron table, which was raised from the floor to such a height that it was necessary for the plaintiff, while at work, to stand upon a wooden bench in front of the saw. This bench was twenty-nine inches long, twenty-four inches wide and four and a half inches high. The legs or cleats upon which its platform rested were set in from its ends a distance of about four inches, and it merely stood upon the floor, without being fixed to it in any way. The plaintiff was familiar with the construction of the bench, and knew it was not fastened to the floor.

The accident which produced the plaintiff's injuries occurred on the fifth day after he had commenced work at the saw. It was caused by the tipping over of the bench upon which the plaintiff was working, thereby causing him to lose his balance and fall toward the saw-table, thus bringing his hand in contact with the saw.

Just what it was that caused the bench to tip the testimony does not disclose. One Sullivan, who was a fellow-workman of the plaintiff, was engaged, at the time of the accident, in picking up scraps from the floor in close proximity to the latter's bench. No one else was in the immediate neighborhood. Immediately after the accident the plaintiff said that his fall was caused by a push which Sullivan gave him. He admitted on the witness-stand that he had so stated, but his testimony then was that he did not know how the accident happened.

At the close of the plaintiff's case a nonsuit was directed. We find no error in this action of the trial court. It is manifest that the tipping of the bench must have been caused by the plaintiff having assumed a position so near to the end of the bench as to destroy its equilibrium, and that the plaintiff assumed this position either of his own volition or by reason of a push given, intentionally or unintentionally, by Sullivan, to the bench or to the plaintiff himself. If Sullivan, a fellow-servant, contributed to the bringing about of the accident, by pushing the plaintiff or the bench upon which he was standing, thereby causing him to lose his balance, the master is relieved from liability, upon well-settled principles. If the accident resulted from the plaintiff having, of his own volition, moved too near the end of the bench, the master is equally relieved from responsibility. The fact that the bench would tip over if a person standing upon it should move beyond its centre of gravity, was perfectly obvious, and the plaintiff, although a minor, was chargeable with notice of that fact. He was old enough to fully appreciate the danger of having the bench tip, and the likelihood of its tipping, if he stood too near to one or the other of its ends, and, consequently, took these risks upon himself to the same extent as a person of more mature age. *Dunn* v. *McNamee, 30 Vroom* 498.

The judgment below should be affirmed.

*For affirmance*—VAN SYCKEL, GARRISON, GUMMERE, COL-
LINS, GARRETSON, HENDRICKSON, ADAMS, VREDENBURGH,
VOORHEES.   9.

*For reversal*—DIXON, FORT, BOGERT, VROOM.   4.