## MARTIN L. HOSTAGER v. NORTHWEST PAPER COMPANY.[1]

April 15, 1910.

Nos. 16,564—(160).

**Evidence of Negligence — Judgment Notwithstanding Verdict.**

Evidence presented in the record examined, and *held* insufficient to sustain the charge of negligence made the basis of the action.

Action by the administrator of the estate of Harold Anderson, deceased, in the district court for Carlton county to recover $1,999.99 for the death of his intestate. The answer set up the contributory negligence of decedent and his assumption of the risks. The case was tried before Cant, J., and a jury which returned a verdict in favor of plaintiff for $1,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Judgment reversed and the court below directed to enter judgment for defendant notwithstanding the verdict.

Howard T. Abbott, for appellant.

John Jenswold, Jr., for respondent.

[1]Reported in 125 N. W. 902.

Brown, J.

Defendant is a corporation engaged in operating a paper factory at Cloquet, this state. Its factory is a two-story structure equipped with all necessary machinery and appliances for the conduct of its business. It uses in the manufacture of paper large quantities of wood, which is ground into pulp and by appropriate processes transformed into paper. The wood, when brought to the factory, is in the form of long timbers, and is cut into suitable lengths of about eighteen inches, when, by a machine located on the second floor of the building, the bark thereof is removed and the blocks otherwise prepared for the crusher. The second floor of the building is about fifty by sixty feet, with a level, smooth floor, and well lighted by day and night. The blocks of wood from which the bark is removed are taken from this room and thrown down a trough provided for that purpose, or through open doors, to the ground below, a distance of about forty-five feet, whence they are taken to other parts of the factory. Plaintiff's intestate, a young man about eighteen years of age, had been in the employ of defendant at the factory for about a year and a half prior to the injury resulting in his death, though not at all times in the department in which he was injured, and was familiar in a general way with the manner in which the business was carried on.

On the night of the accident resulting in his death, he, with a fellow servant about the same age, was engaged in removing the blocks of wood from which the bark had been taken out of this second-story room. This was usually accomplished in this way: Two trucks were provided by defendant for use in the work. These the employees would load with the blocks at one side of the room, then push the trucks to the opposite side, where the trough was located, down which the blocks were passed to the ground below, and where two doors opened out of the wall, through which some of the employees threw the blocks. The doors referred to, when open, left a large opening in the wall of the building, and plaintiff's intestate and his fellow workman were in the habit of pushing the truck up to the door, raising one end of the same, and thus permitting the blocks to roll out to the ground below. This was not, however, the

method adopted by defendant. The accident complained of happened in the night, and while decedent was engaged in performing the work in the manner stated. After having loaded a truck with the blocks, he pushed the same towards the open doors, and in some manner, probably in raising one end to permit the blocks to roll out, lost control of the truck and it passed out the doors to the ground below. At the same time decedent, either in an effort to prevent the truck going out or in some other way, lost his balance, fell out the door with the truck, and was killed.

This action followed, and was predicated upon three grounds of alleged negligence: (1) That defendant failed to provide decedent with a safe place in which to work; (2) that it failed properly to warn and instruct him of the dangers incident to his employment; and (3) that it failed to furnish him with reasonably safe instrumentalities. Plaintiff had a verdict, and defendant moved for judgment notwithstanding the verdict, which was denied. Judgment was thereafter entered, and defendant appealed.

A careful consideration of the evidence leads to the conclusion that the trial court erred in overruling defendant's motion for final judgment in its favor. We find no sufficient evidence in the record to support the allegations of negligence made the basis of the action. The place provided for the performance of decedent's duties was clearly not unsafe within the meaning of the law. The room in which he was engaged was large, well lighted, and contained no hidden or concealed traps or dangerous places. While it is true that the room was on the second floor of the building, and the blocks were being thrown out of large double doors opening on the side thereof, which doors were not guarded to prevent persons falling out the same, or inadvertently pushing a loaded truck through, this situation was well known by all those engaged in the work, including plaintiff's intestate. The situation was not different from a large barn, with doors opening at the end of the hayloft floor, through or out of which a person might fall, unless he exercised due care for his safety. Nor was it rendered dangerous by the manner in which defendant authorized a performance of the particular work.

While it is clear that decedent and his fellow workman had been

in the habit of pushing loaded trucks up to the open doors, and then lifting one end thereof and permitting the blocks to roll out to the ground below, it is equally clear that defendant had not adopted or approved this method. On the contrary, the evidence is uncontradicted that decedent was expressly cautioned of the danger in doing the work in that manner. He was instructed to push his truck parallel with the doors and throw the blocks of wood out by hand; but he persisted, in the absence of the foreman in charge of the work, in doing it in the manner advised against, and was killed. Certainly it cannot be said that the place of work was dangerous, or that defendant had adopted or sanctioned a dangerous or unsafe method of doing it. Nor is the claim that decedent was not provided with safe instrumentalities sustained by the evidence. The only instrumentality used in connection with this work was an ordinary two-wheeled warehouse truck; but it was not shown to be out of order or in any way of defective construction.

That plaintiff's intestate was warned of the dangers connected with the manner in which he was doing the work, and expressly instructed not to do it that way, is conclusively shown by the evidence. Two foremen of defendant testified that warnings were given, and that decedent was expressly instructed how to do the work. Foreman Lefler, in charge of the department, testified that he directed him not to continue his method; and he was fully corroborated by the fellow workmen of decedent. This instruction was given the day before the accident, and is not disputed by any evidence we find in the record, and we are unable to discover any reason for disregarding it. It is suggested that decedent did not understand the instruction. He was a Norwegian, and not very familiar with our language; but that he understood what was said to him on the subject is quite clear. In reply to Lefler's direction to throw the blocks of wood out by hand, he said, "That is too slow." But, notwithstanding this reply, Lefler insisted that he pursue that course while in the employ of the company.

For the reasons stated, the judgment is reversed, and the court below directed to enter judgment for defendant notwithstanding the verdict.