# AUGUST BLOMBERG v. J. W. TRUPUKKA AND OTHERS.[1]

June 27, 1941.

No. 32,779.

*Barron & Bradford,* for appellant.
*Freeman & King,* for respondents.

PETERSON, JUSTICE.

This is an action to recover damages for personal injuries. Defendants are engaged in the retail building material business. Plaintiff purchased 600 square feet of galvanized metal siding from defendants, which he intended to haul in his truck. The siding consisted of sheets 26 inches wide and came in ten-, eight-, seven-, and five-foot lengths. Plaintiff wanted ten-foot lengths. Defend-

[1]Reported in 299 N. W. 11.

ants, having little of that length, persuaded him to take two ten-foot and the balance in five-foot lengths.

The siding was in a pile about one foot thick. The pile rested on a platform about four inches above the floor and leaned against the wall. The outside of the bottom of the pile was about 16 inches from the wall.

Plaintiff and defendants' manager carried two ten-foot lengths to plaintiff's truck. The five-foot sheets were next to the wall. The manager, with plaintiff's assistance, then pulled the siding other than the five-foot sheets away from the wall and stood them upright to enable the manager to remove the five-foot sheets to carry them to the truck. There was approximately 600 pounds of siding in the portion of the pile which was placed upright. Plaintiff undertook to hold the pile while the manager removed the five-foot lengths. The pile was upright and "in balance" when the manager let go of it and plaintiff undertook to hold it alone. Plaintiff stood on the floor four inches below the platform on which the pile rested and held the pile with one hand on each side. The pile got out of balance toward plaintiff and fell upon him, causing severe injuries.

Plaintiff was five feet eight inches tall. He had been a farmer. For about two years prior to the accident he had been engaged in repairing buildings and cutting and hauling logs which he unloaded himself. The evidence shows that he was intelligent, alert, and perhaps of more than ordinary strength. He was experienced and familiar with the difficulties and dangers connected with handling heavy objects. He testified that he did not know the weight of the pile of siding, but that was a jury question in view of the fact that he helped carry two ten-foot lengths to his truck.

Plaintiff claimed that defendants were negligent in requesting him to hold the pile of siding and in failing to warn him of its weight and to provide proper equipment to support it. The defenses were denial of negligence and the assertion of contributory negligence and assumption of risk.

At the close of the testimony defendants moved for a directed verdict upon the grounds that plaintiff had failed to prove a cause of action and that the accident was either unavoidable or was caused by the negligence of both parties. The motion was denied. Plaintiff recovered a verdict. Defendants then moved for judgment notwithstanding the verdict upon the grounds that they were not negligent and that plaintiff was guilty of contributory negligence and had assumed the risk. No objection was made below to the court's entertaining the motion on all the grounds mentioned. Briefs were filed in which the questions were discussed and there was oral argument thereon. The court granted the motion upon the ground that assumption of risk appeared as a matter of law. Plaintiff appeals from the judgment.

Plaintiff contends · here that the court below could not grant judgment notwithstanding the verdict under 2 Mason Minn. St. 1927, § 9495, upon the ground of assumption of risk, since the motion for a directed verdict did not specify it as a ground and that all questions relating to liability were fact questions for the jury.

■ A party is entitled to judgment notwithstanding the verdict on motion after verdict under 2 Mason Minn. St. 1927, § 9495, where he moved for a directed verdict at the close of the testimony and the motion was denied "if the moving party was entitled to such directed verdict." Where, as here, grounds not specified in the motion for a directed verdict at the close of the testimony are specified in the motion for judgment notwithstanding the verdict and are entertained by the trial court without objection, the point cannot be raised for the first time on appeal that grounds not specified in the motion for a directed verdict were considered on the motion for judgment. Andrews v. Flour City Paper Box Co. 176 Minn. 52, 222 N. W. 340.

■ Much of the briefs and arguments related to the questions of negligence, contributory negligence, and assumption of risk. Plaintiff insists that the doctrine of assumption of risk has no applica-

tion to the instant case for the reason that it is peculiar to and confined to cases where the relation of master and servant exists between the parties. In view of the fact that we consider that the order was right in any event upon the ground that there was no negligence, we dispose of the case upon that ground. See Blume v. Ballis, 207 Minn. 393, 291 N. W. 906.

It is clear that the pile was in equilibrium when plaintiff took hold. There was no risk of danger to him so long as he maintained the pile in that position. There was danger to him if he permitted it to get off balance, which he did. Plaintiff's argument is that there was a duty to warn that the pile would fall if it got out of equilibrium since it was heavy and apt to fall when out of equilibrium, and that failure to warn was negligence.

Defendants were under the duty to exercise due care to avoid causing injury to plaintiff. There was no failure to exercise due care unless their conduct exposed him to unreasonable risk of injury. An act which exposes another to risk of injury only by his failure to conform to those rules of conduct for his own safety with which he might reasonably be expected to comply does not violate the standards of due care. A party has a right to assume that others will observe as a minimum the operation of well known natural laws. Prosser, Torts, pp. 232-234. The operation of the law of gravity is a matter of such common knowledge that all persons of ordinary intelligence and judgment, even if they are illiterate, are required to take notice of it. Olson v. McMullen, 34 Minn. 94, 24 N. W. 318. As to such matters there is no duty to warn for the simple reason that the purpose of a warning is to supply a party with information which he is presumed not to have. There is no necessity to warn against the obvious. The rule is most commonly applied in master-and-servant cases, where, although the duty of the master to warn and instruct the servant is nondelegable, it is universally held that the master owes no duty to warn or instruct his servants of dangers obvious to a per-

son of ordinary intelligence and judgment. Our cases are collected in 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 5932.

The lack of danger to a person holding the pile upright in equilibrium and the danger of its falling if permitted to get out of equilibrium were so obvious that no warning was necessary. The operation of the law of gravity would cause the pile to fall, if plaintiff permitted it to get out of equilibrium. In Tomczek v. Johnson, 110 Minn. 320, 125 N. W. 268, we held that the master owed no duty to a common laborer in a quarry to warn him that a large granite rock which was placed on its narrow side or edge so that "its equilibrium was unstable" would fall if its equilibrium were disturbed, since every person is supposed to take note of the law of gravity. Likewise, in McCutcheon v. Virginia & R. L. Co. 114 Minn. 226, 130 N. W. 1023, we held that there was no duty to warn that a load of lumber on a truck operated on a tramway in a lumberyard would shift toward and against plaintiff, standing at the side of the truck near the rear, if the front end of the truck were raised. In Manley v. Minneapolis Paint Co. 76 Minn. 169, 78 N. W. 1050, the master was held to be under no duty to warn a 24-year-old employe of the dangers incident to unloading from a car to a platform barrels weighing 400 pounds. In Boyer v. Eastern Ry. Co. 87 Minn. 367, 92 N. W. 326, the master was held not to be negligent for failure to warn of the dangers incident to unloading logs from a flatcar. Of course there is a duty to warn against extraordinary and hidden dangers such as the fact that a top-heavy machine balanced by a detachable part will topple over if the part is removed. Peterson v. American Grass Twine Co. 90 Minn. 343, 96 N. W. 913.

The authorities elsewhere support the view that there is no duty to warn against a fact so obvious and generally known as that heavy objects out of balance or equilibrium will fall unless they are supported. The rule was applied in holding that there was no duty to warn that a box forming part of a stack would fall if the stack were moved in such a way as to tilt the box, Lewis v. Koller

& Smith, Inc. (C. C.) 186 F. 403; that a pile of heavy iron plates would slide and fall if the earth supporting them were removed, Morgan Const. Co. v. Frank (6 Cir.) 158 F. 964; that pieces of stone in a sloping pile would fall if the lower part of the pile were disturbed, McArthur Bros. Co. v. Nordstrom, 87 Ill. App. 554; that a bench on which a boy was working might tip, Hesse v. National Casket Co. 66 N. J. L. 652, 52 A. 384; that removal of the middle one of three piles of doors in a boxcar which furnished the support for piles on either side would cause the latter to fall, Torgerson v. M. St. P. & S. S. Ry. Co. 49 N. D. 1096, 194 N. W. 741; that ties piled in a boxcar would fall because of improper piling, Brown v. Oregon Lbr. Co. 24 Or. 315, 33 P. 557; and that if a person "tumbles down a pile of any kind the units of which the pile is composed will fall in disorder and with great irregularity, varying in velocity, direction, and effect somewhat according to the height of the pile and the nature of such units, but in all cases where such units have considerable weight with danger to those standing near the falling pile." Baetz v. Valentine-Clark Co. 152 Wis. 494, 140 N. W. 54.

In Anderson v. Smith, 35 App. D. C. 93, it was held that the master was under no duty to warn that a door and frame weighing 1,200 to 1,500 pounds would fall if not supported and that, absent custom, he was under no duty to provide a block and tackle or other suitable appliance for lowering the door. The apparent danger of the door's falling if unsupported was said to be so open and obvious that no warning of such fact was necessary.

The plain fact is that plaintiff knew that the operation of the law of gravity would cause the pile to fall if he permitted it to get out of equilibrium. See Tomczek v. Johnson, 110 Minn. 320, 125 N. W. 268, *supra*. The dangers incident to undertaking to hold the pile in balance were as well known to and understood by plaintiff as defendants. There was no negligence, and defendants were entitled to a directed verdict.

Affirmed.