## GLADYN HASSE v. VICTORIA CO-OPERATIVE CREAMERY ASSOCIATION.[1]

May 1, 1942.

No. 33,019.

See 208 Minn. 457, 294 N. W. 475.

*G. P. Mahoney,* for appellant.

*George A. French, Earl H. A. Isensee,* and *John Simpson,* for respondent.

[1]Reported in 3 N. W. (2d) 593.

HOLT, JUSTICE.

Action for personal injuries alleged to have been caused by defendant's negligence. Judgment was rendered for plaintiff, and defendant appeals therefrom.

Defendant operates a creamery at Victoria in Carver county. Plaintiff, the owner of a truck, had made arrangements with farmers in the neighborhood of Victoria to haul, for a set price, their milk to the creamery and bring back the skim milk desired. Defendant, on being notified of the price agreed upon, deducted the same from the monthly checks of the farmers, and paid such deducted amount to plaintiff. Plaintiff had been so trucking milk and skim milk daily for some two months, when, on August 4, 1936, the injury occurred for which the judgment was rendered.

The evidence shows that on the south side of the creamery, near the westerly end, milk was taken in from the trucks or vehicles bringing it. Then east of the unloading place was a door into the creamery, and just east of this door was, at that time, a short platform, variously estimated from three to eight feet long, 18 inches to over three feet high and from one to two and one-half feet wide. A few inches above this platform came out a rubber hose three inches in diameter; the hose ran up to a pulley fastened to the brick wall of the building about eight feet from the ground, and just above the pulley an iron pipe extended horizontally from the wall some seven or eight feet, on the end of which the nozzle of the hose went over another pulley. To get the skim milk, a slug was put in a slot above where the hose came out of the wall. So that the hose would not sag between the two pulleys, a small iron chain 12 to 18 inches long was provided. One end was fastened to the middle of the horizontal pipe, and to the other end was attached a hook made from a 20-penny wire nail. This chain was wrapped around the pipe and hose, and the hook hooked into one of the links of the chain. The chain was not offered in evidence, but the hook was and was produced on the argument in this court. It is a well-fashioned hook. The point is rather blunt than sharp, bent so as to run parallel with the

shank. It is well adapted to the purpose for which it was used. By driving the truck or vehicle under the nozzle of the hose, after inserting the slug in the proper slot, the driver unhooked the chain and pulled down the nozzle of the hose and filled his cans with the skim milk the farmer desired to have brought back.

Plaintiff's version of the accident on the morning in question is that he did not drive the truck near enough to the nozzle so he could reach the chain to unhook it. He therefore stepped down from the truck and onto the small platform above described. In order to unhook the chain he had to take hold of the hook with one hand while holding up the hose with the other. In so doing, he does not remember which hand he used for the one purpose or the other; but, in any event, he claims that the hook came down and cut a gash in the eyelid and part of the muscles controlling it, which not only produced pain but permanently injured the functions of the eye. When the injury was received plaintiff said he fell off the plank or platform. An eyewitness standing across the street testified that plaintiff jumped from his truck onto the platform and apparently was hurt in the jump.

Defendant assigns as error that the evidence shows that plaintiff's injury was caused solely by his negligence; that it conclusively appears that plaintiff assumed the risk; and that the evidence is insufficient to sustain any verdict based on defendant's negligence.

Only the last assignment of error needs to be considered. At the close of the testimony defendant moved for a directed verdict on the same grounds as now assigned and after verdict moved for judgment *non obstante*. So it is in position to raise the insufficiency of the evidence on appeal from the judgment. In passing on the sufficiency of the evidence to sustain the charge that defendant's negligence caused or contributed proximately to plaintiff's injury, the view thereof most favorable to plaintiff must be taken as to all matters in dispute. So doing, the only contrivance which plaintiff claims to have caused or contributed to his injury is the hook above referred to. There is nothing in the form, shape,

or material of the hook that would lead any ordinarily prudent person to anticipate injury from its use in fastening the chain around the hose and iron pipe. The location, purpose, and use of this very simple contrivance was obvious to anyone at a glance. No one walking underneath could come in contact with the hook when the chain was hanging loose. No ordinarily prudent person could anticipate injury to either an employe or invitee, as was plaintiff at this creamery, from this equipment for preventing a sag in the hose when not in use.

Appellant cites Blomberg v. Trupukka, 210 Minn. 523, 299 N. W. 11; but we need not pass on the assumption of risk or the asserted contributory negligence, for to us it appears clear that there is no basis in this record upon which to charge defendant with negligence which caused or contributed to plaintiff's injury.

The judgment is reversed.