ADAM REBERK v. HORNE & DANZ COMPANY.[1]

January 31, 1902.

Nos. 12,741—(75).

**Master and Servant—Violation of Rule—Remaining at Work.**

The obligation of an employer, in a complicated business, where a large number of servants are mutually engaged, to formulate and enforce a proper rule for their conduct, will not authorize a claim for damages to one of such employees, who, with knowledge of repeated violations of an established rule, continues thereafter in the service, until injured.

**Assumption of Risk.**

Upon the allegations of the complaint, showing that a manufacturer of tinware had failed to enforce a rule prohibiting the throwing of dangerous substances around the room where plaintiff was at work, whereby such servant was injured, but wherein such servant acted with full knowledge of its violations and without notice thereof to the master, it is *held* that he assumed the risks of the situation, and cannot recover.

Action in the district court for Ramsey county to recover $5,100 for personal injuries. From an order, Otis, J., sustaining a general demurrer to the complaint, plaintiff appealed. Affirmed.

*Charles J. Berryhill,* for appellant.

*P. J. McLaughlin,* for respondent.

LOVELY, J.

This appeal is from an order sustaining defendant's demurrer to the sufficiency of the complaint. It appears from the plaintiff's pleading that the defendant was largely engaged in the manufacture of tinware; that plaintiff was employed in one of the rooms of the establishment where there were many operatives. That his particular duty was to cut bottoms for lard pails. That he was injured by reason of a screw top of a sirup or oil can being thrown upon him by one of his fellow servants. It is alleged that at the time of the injury it was, and for some time prior thereto had been, the common and constant practice of said employees of said

[1] Reported in 88 N. W. 1003.

factory, other than this plaintiff, to throw in and about and around said shop small pieces of refuse tin, and other substances and materials of tin and tinware, and during all of said times said defendant was fully informed thereof; that to prevent such conduct defendant had made rules to protect plaintiff and others from injury, which declared it to be the duty of every employee to refrain from throwing such articles, and each of such employees was forbidden to throw any of the refuse pieces of tin or other substances or articles in the shop at any time, whether the employees therein were at work or not. To enforce such rules, fines were imposed upon the employees guilty of its violation, ranging from fifteen cents to fifty cents in amount of the offender's wages, graduated according to the frequency and incidents of the offense in question, as defendant considered it. It appears, substantially, as was conceded to be the fact on the argument, that for a considerable time previous to the injury the plaintiff was aware of these rules, and also of their violation. It is further properly alleged, in substance, that the defendant did not, within plaintiff's knowledge, enforce such rules during the time mentioned, at and previous to the occasion when the employee threw the screw top at plaintiff, and injured him.

The demurrer raises the question of law whether, under the circumstances, it being the duty of defendant to enforce this rule in plaintiff's behalf, the latter can recover for the injuries sustained by him for his master's neglect to do so. If we concede that the violations of the rule as stated in the complaint might, under any view, justify a recovery, for the reason that it was not properly enforced, yet, upon well-settled principles, we are unable to hold that the plaintiff would be entitled to recover upon the facts as set forth in the complaint, for the reason that the plaintiff himself was also fully aware of such infractions of duty by his fellow servants, as well as his master's failure to correct the evil. No claim is made that plaintiff gave notice to his master thereof, or required any assurance that he would secure better obedience in the future to his admonitions of duty in that respect. So that it comes down to the question whether a servant who, with knowledge of the negligence of the master to enforce rules for his pro-

tection, remains in the service, can recover for injuries sustained thereby.

We cannot distinguish the conduct of the plaintiff in remaining in the service, with knowledge of such risks, from any other case of the breach of a personal duty of the master,—as, for instance, in furnishing safe instrumentalities for the use of his servants, a safe place to work, or competent fellow servants. It is elementary that where the injured servant knows the danger arising from unsafe implements or the employment of incompetent servants, and continues in the master's employ without some assurance of remedy upon which he can depend, he assumes the risk incident to his employer's fault in that respect; and, when rules should be promulgated for the conduct of the master's business, the latter's duty is also absolute. Vogt v. Honstain, 81 Minn. 174, 83 N. W. 533.

The learned counsel for plaintiff attempts to distinguish the doctrine in the instances mentioned from this case upon the ground that it does not appear here that the injured servant appreciated the risk to which he was subjected by the nonenforcement of the rules referred to. We cannot accept this view. The continued misconduct of fellow servants, which has grown into a common custom, would be obviously better known to a fellow servant who worked with them than to the master himself. One of the substantial reasons upon which the liability of a master for injuries of fellow servants has been denied is that, where servants are working for the same employer, each has a better opportunity to observe the conduct of the others than the master, and likewise that it is the duty of the servant to warn the master of any such misconduct or negligent acts of his co-employees. This rule is founded upon considerations of public policy, which imposes the duty of giving such information by the servant for the benefit of his fellow servants, as well as the master, in which conduct not only the employer, but all servants employed in the common service, are alike interested.

Order affirmed.