PETER BOYER v. EASTERN RAILWAY COMPANY OF MINNESOTA.[1]

November 14, 1902.

Nos. 13,100—(116).

## Hazardous Employment—Rules for Servants.

The ordinary labor of unloading logs from flat cars is not attended with extra hazards or involved in such complicated and obscure conditions as to require, by the authority in control, the formulation of rules for the conduct of the business by its employees.

## Assumption of Risk.

Where a servant is ordered, with other employees, to unload logs from flat cars, where the risk arising from the incidental performance of the work is open and apparent to observation, he assumes the dangers caused by the negligence of fellow servants.

## Personal Injury—Fellow Servant.

Allegations of the complaint in this case considered, and *held*, that the work described therein was of a usual and customary character, and the dangers thereof open to observation, and an injury resulting in the conduct of the work by a fellow servant is incident to the common employment and remediless.

Action in the district court for Hennepin county to recover $5,000 for personal injuries. From an order, Elliott, J., overruling a general demurrer to the complaint, defendant appealed. Reversed.

W. E. Dodge, Rome G. Brown and Charles S. Albert, for appellant.
F. D. Larrabee, for respondent.

LOVELY, J.

Appeal from an order overruling a demurrer to the complaint.

The material facts in the complaint may be summarized as follows: Plaintiff, a bridge carpenter, was employed to work in defendant's yards at Superior. Wisconsin. Flat cars loaded with poles were placed upon a side track. These cars were thirty-eight feet in length, while the poles placed thereon were seventy feet long, each being two feet in diameter at the large, and eight

[1] Reported in 92 N. W. 326.

inches, at the smaller, end. The poles were placed upon the floor of the cars lengthwise; five of each being laid side by side, in four tiers, with crosspieces between the tiers, two poles being laid on top, making the fifth tier. The poles were held in place by stakes fastened by three braces on each side of the cars, extending above the top tier. At the time of the injury, plaintiff was ordered from his work as bridge carpenter, to assist in unloading the cars. In this work he had no experience, the details were unknown to him, and he was under the direction of a general foreman, who had the right to give orders as to how he should perform his work. Under the instructions of the foreman and others, a skidway was constructed from the floor of the car to another skidway nearer the ground. The stakes on one side of the car were taken out, and logs were rolled off the cars, by plaintiff and others, down the skidways. It is alleged that the proper way to have unloaded the logs was to have sawed off stakes as each layer thereof was to be removed, and to roll off each one consecutively, but that defendant negligently, through its foreman, removed logs from the side of the car after the stakes were displaced, so as to permit the logs to spread when one of them which was crooked in the middle slipped into a space, made by the spreading of the logs, and swung around, knocking plaintiff from the car.

It is specifically alleged that defendant failed to provide rules and regulations for the conduct of the work, for plaintiff's benefit. Upon this complaint, we are not authorized to inquire into any specific statute of Wisconsin involving the duties of master and servant. It was not pleaded, and cannot be considered. Myers v. Chicago, St. P., M. & O. Ry. Co., 69 Minn. 476, 72 N. W. 694. Hence the liability arises upon the common-law obligation of the master to his servant, as is conceded by plaintiff, and the case is simply one where a foreman, with other servants, engaged in a common employment with plaintiff, and by the alleged negligent manner of their performance of the work occasioned his injury. In this respect he must be held to have assumed the risk under the principle announced in O'Neil v. Great Northern Ry. Co., 80 Minn. 27, 82 N. W. 1086, unless the allegation with reference to the inexperience of the plaintiff and the failure to furnish proper rules

distinguish this case from the established rule recognized in that; and it does not appear to the court that it does.

It is alleged in the complaint that there was a proper method of doing the work. This, so far as such allegation goes, is nothing more than an opinion of the pleader; as there is no further statement that the sawing off of the stakes is a usual and customary method of unloading logs from cars in the railroad service, and we cannot assume it to be so. The allegation that the hazards of this service were unknown to plaintiff, even though he was inexperienced, is not sufficient, when the nature of the business itself is considered, to require the establishment of rules and regulations, or so obscure as to demand specific warnings of the danger; for it is only where the business is complicated, as well as dangerous, that it is the absolute duty of the master to provide rules (Vogt v. Honstain, 81 Minn. 174, 83 N. W. 533; Reberk v. Horne & Danz Co., 85 Minn. 326, 88 N. W. 1003), or not observable, that notice of danger is required (Gray v. Commutator Co., 85 Minn. 463, 89 N. W. 322).

But in this case the work was of the most ordinary character, where, from the description of the manner of performing it as set out in the complaint, the dangers incurred thereby were patent and open to observation, requiring no peculiar skill; and it has never been required that rules and regulations for the conduct of the business should be provided in such cases. Such hazards between the master and servant are necessarily assumed, and where an injury arises the master cannot be held liable therefor unless he is made an insurer, and responsible for every accident that occurs to his employees.

Order reversed.