JOHN DELL v. JAMES E. McGRATH.[1]

May 13, 1904.

Nos. 13,914—(124).

**Master and Servant.**

> Piling logs in high piles upon a skidway is work of such a specially complicated and hazardous nature that it is the duty of the master to inform certain servants employed therein of the nature of the risk or hazard incurred.

**Evidence.**

> The admission of evidence as to the number of men commonly employed by defendant, and testimony of a qualified witness to the effect that a certain number of men were necessary to do the work with safety, *held* not error.

Action in the district court for Ramsey county to recover $7,500 for personal injuries. The case was tried before Brill, J., and a jury, which rendered a verdict in favor of plaintiff for $2,500. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Barrows & Morrison,* for appellant.

*Humphrey Barton,* for respondent.

DOUGLAS, J.

This is an action for damages, based upon the alleged negligence of the defendant (1) in failing to instruct the plaintiff as to the manner of performing certain work, with which he was not familiar, and in not warning him as to the dangers incident thereto; (2) in failing to employ a sufficient number of persons to do the work in which plaintiff was engaged when injured.

It appears from the record that plaintiff was first employed by defendant in November, 1902, in cutting out brush and trees preparatory to making logging roads at defendant's lumber camp. After finishing this work, he was constantly engaged until the day of the accident,

[1] Reported in 99 N. W. 629.

in March, 1903, in road making. At the beginning of the employment, plaintiff was a young man, twenty-one years of age, and without any experience whatever in the logging business, which fact he communicated to defendant. On March 21 he was put at work piling logs on a skidway, without prior opportunity of observing the method of doing the work, and without instructions as to either the manner of doing it, or the dangers incident thereto.

The pile of logs upon the skidway was at that time five tiers high, with about ten logs in a tier. In piling the logs, two skids or poles were placed on an inclined plane, with their upper ends resting on the top of the pile, and their lower ends on the ground. A chain was then fastened upon a log on the top of the pile by means of a hook, and the other end passed around the log which was about to be raised from the ground. The chain was then carried over the pile and attached to a team of horses on the opposite side. As the horses moved forward, the log, of necessity, rolled up the skids in the loop of the chain. The crew who were doing this work consisted of the driver of the team, one man who assisted in guiding the log up the skids, and plaintiff, whose place of work was on top of the pile. Plaintiff was directed to place the logs in proper position as they came up, and, to do this, used a cant hook. At the time of the accident the pile was ten tiers high, plaintiff having assisted in piling about fifty logs. After fastening the hook upon the third log, he stood on the second one from the front or teamster's side of the pile, when a large log was rolled up the skids. The instant it reached the top of the pile, one end suddenly swung around, striking the log upon which plaintiff was standing with sufficient force to knock it out of place. Both logs rolled, and plaintiff fell with them to the ground, receiving a very serious fracture of the bones of the leg at and just above the knee joint.

Evidence was offered on behalf of plaintiff that, prior to the time of the accident, defendant had quite generally used four men in skidding during the winter at his camp, to wit, one teamster, one man on the pile, and two whose duty it was to guide the log as it was rolled up on the skids. A competent witness called on behalf of plaintiff was permitted to testify, over the objection of defendant, that four men were necessary to do that class of work, and that two of these four took .

charge of the movements of the log as it was pulled up; also that one man on top of the pile of logs could not do his work with safety, with only one man on the ground to control the log as it was raised. On the other hand, the defendant offered evidence tending to show that it was the custom elsewhere in northern Minnesota to employ three men only in skidding. The trial resulted in a verdict in favor of the plaintiff for the sum of $2,500. Defendant appeals from the order of the court denying his motion for judgment, notwithstanding the verdict, or for a new trial of the action.

All the issues of fact were submitted to the jury under clear and explicit instructions as to the law applicable thereto, to which no exception was taken. Therefore our inquiry is limited to the questions (1) whether the verdict of the jury is supported by the evidence; (2) whether improper evidence was offered on behalf of plaintiff.

The rule is settled in this state that the obligation devolving upon the master, of exercising reasonable care in providing reasonably safe instrumentalities with which to perform their work, embraces the obligation to provide a sufficient number of servants to perform the work safely. Peterson v. American Grass Twine Co., 90 Minn. 343, 96 N. W. 913. See also Johnson v. Ashland, 71 Wis. 553, 37 N. W. 823; Booth v. Boston, 73 N. Y. 38; Flike v. Boston, 53 N. Y. 549; Woods, M. & S. (2d Ed.) § 394; Craig v. Chicago, 54 Mo. App. 523. It is equally well settled that it is the absolute duty of the master to inform his employee of the dangers incident to the work he is directed to do, as was held in Gray v. Commutator Co., 85 Minn. 463, 89 N. W. 322, where there are peculiar conditions increasing the risk or the hazards incident to the use of the instrumentality furnished by the master; and this without reference to his age or experience, unless such experience has acquainted him with the danger he incurs.

In Boyer v. Eastern Ry. Co. of Minn., 87 Minn. 367, 92 N. W. 326, the principle was applied to the risks and hazards incident to the business of unloading poles from cars without artificial power. It was held that it was only where the business was complicated as well as dangerous, and not observable by the employees, that it is the duty of the master to provide rules or warn them of such danger. The unloading of poles without artificial power was held to be work of an

ordinary character, and that the dangers incurred thereby were patent and open to observation. This doctrine was reaffirmed in Peterson v. American Grass Twine Co., supra.

It is equally well settled that when an employee is familiar with both the manner of performing hazardous work or using instrumentalities which create a special risk or danger, and, in addition, has full knowledge or ample means of observing the nature and extent thereof, the master is not required either to advise him as to the manner of performing such duties, or of the extent or nature of such risks or danger. Truntle v. North Star Woolen-Mill Co., 57 Minn. 52, 58 N. W. 832; Anderson v. C. N. Nelson Lumber Co., 67 Minn. 79, 69 N. W. 630; Boyer v. Eastern Ry. Co. of Minn., supra.

It is patent that the raising of heavy logs by means of the power referred to, and piling them tier upon tier to a considerable height, as appears to have been done at the time of the accident, is dangerous to an employee stationed upon the pile, and particularly so as to a man without experience in the position. Such work is complicated, and creates a special hazard, within the knowledge of the master, of which it is his duty to inform the servant. A reasonably prudent man, without information or experience, may not necessarily be presumed to know from observation, while engaged in such work, that a log is likely to whirl suddenly upon its reaching the top of the pile, if the chain should happen to slip toward one end, or the power be unevenly applied. This seems to have been the direct cause of the injury in the case at bar, and we are of the opinion plaintiff did not assume the risk, and, being unadvised thereof, the issues as to the negligence of the master, and whether the servant, by the exercise of his powers of observation, could have informed himself of such danger, were properly submitted to the jury.

We are also of the opinion that the trial court did not err either in admitting evidence to the effect that the defendant had quite generally used four men in skidding logs at the same camp during the winter of 1903, or in permitting a competent witness to testify specifically that, in his judgment, four men were necessary to do that class of work, and that one man on top of the pile of logs could not do his work with safety, with only one man on the ground to control the log as it was

raised. Such testimony is equally as helpful as evidence of a general custom, and, upon the whole, unobjectionable.

Upon the record, we find the learned trial court did not err, and that the verdict is supported by the evidence.

Order affirmed.