## LORENZO MANKS v. DAVID W. MOORE.[1]

June 25, 1909.

Nos. 16,226—(185).

**Complaint — Demurrer.**

 A complaint alleged that a servant, directed by his master to shovel dirt in a trench, objected to the danger to which he was exposed by working in the confined space near a servant using a pick; that the master commanded him to proceed with the work assigned, under threat of dismissal and the promise that the master would protect him against all injury by reason of obeying this command; and that plaintiff went into the trench, and while at

[1]Reported in 122 N. W. 5.

work there was injured by the pick in use by the other servant. It is *held* that the complaint was not demurrable, in view of the master's promise to protect the servant. The question arising from the threat of dismissal is not considered nor determined.

Action in the municipal court of St. Paul to recover $400 for personal injuries. Defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, and from an order, Hanft, J., overruling the demurrer, he appealed. Affirmed.

*Walter L. Chapin,* for appellant.

*John W. Willis* and *Emil W. Helmes,* for respondent.

JAGGARD, J.

Plaintiff and respondent's complaint alleged the following facts: He was a servant of defendant and appellant, engaged in digging a deep, narrow trench. Defendant directed plaintiff to go down into the trench, to shovel away earth loosened with a pick by another servant, and to do his work standing in the bottom of the trench with his back to the man using the pick. This involved that plaintiff should stand within less than eight feet of him. Plaintiff told defendant that there was not enough room for two men to work in that place. Defendant emphatically told plaintiff to go ahead and work there, and said, "If you are going to work around here, you must go and help that man." Defendant then and there assured this plaintiff that he would protect him against all injury by reason of obeying this command. Plaintiff, not daring to refuse to obey such command, and relying upon this promised assurance of safety, went down into the trench and commenced to shovel away the earth, standing in the position and at the point indicated by defendant. While so engaged his left hand was struck by the pick then in use by the man placed behind plaintiff by defendant. As a result, plaintiff suffered an injury, to recover for which he brought this action. To this complaint defendant demurred, on the ground that the facts set up did not constitute a cause of action. From the order overruling the demurrer, this appeal was taken.

The only question argued by defendant is the assumption of risk by plaintiff. The defendant's negligence is for present purposes admitted. The gist of defendant's argument as to assumption of risk is that plaintiff knew all of the physical facts and demonstrated his appreciation of obvious danger by expostulating against working in that position and in that place. See Anderson v. C. N. Nelson Lumber Co., 67 Minn. 79, 69 N. W. 630; Dell v. McGrath, 92 Minn. 187, 190, 99 N. W. 629.

It is evident that this argument is not based on a comprehensive conception of the facts admitted by demurrer. It does not purport to cover a number of questions fairly raised by the record. Defendant's authorities involved no complaint by the servant and assurance of safety by the master, or a promise by the master to protect the servant while at work. On the same principle that a promise by the master to repair machinery in response to complaint by the servant of defects therein may justify the servant in continuing his work, many authorities hold that when the servant has complained of a place dangerous in other respects, and the master has promised to protect the servant, that servant may be justified in proceeding to work in reliance on the master's assurance of safety and promise of protection. Because of this principle, the present complaint was not demurrable. For aught that here appears, it was easily possible for the master to have protected the plaintiff from the danger to which he was exposed by his nearness to the servant using the pick.

Plaintiff also argues that the case is governed by the principle announced by Lindley, J., as quoted, although not approved by this court, in the case of Rase v. Minneapolis, St. P. & S. S. M. Ry. Co., 107 Minn. 260, 275, 120 N. W. 367: "The question whether in any particular case the conduct of the servant was volenti et scienti is a question of fact, and not of law. * * * The mere fact that the plaintiff knew of the danger and yet incurred it is not conclusive. * * * The question in each case must be, not simply whether the plaintiff knew the risk, but whether circumstances are such as necessarily to lead to the conclusion that the whole risk was voluntarily incurred by the plaintiff. * * * The doctrine does not apply when what the servant does is induced by fear of dismissal."

This view of the case defendant has not argued at all. His silence on this point, however, is not to be fairly construed into an admission of plaintiff's contention. In view of the conclusion previously stated, however, we do not feel obliged to consider or to determine the issue. It would be obviously improper, moreover, on demurrer, under present circumstances, to fully discuss the controversy.

Affirmed.