## PATRICK J. SWEENEY v. WILLIAM F. POPPENBERGER and Another.[1]

November 24, 1911.

Nos. 17,346—(90).

**Contributory negligence — directed verdict.**

In an action to recover damages for injuries received by plaintiff while engaged at work upon a defective scaffold, of which defect he had full notice and knowledge, it is *held* that the trial court properly dismissed the action, upon the ground of plaintiff's contributory negligence.

**Assumption of risk — pleading — quære?**

Whether assumption of risk in actions of this character, to be available as a defense, should be pleaded by defendant, quære?

[1] Reported in 133 N. W. 474.

Action in the district court for Ramsey county to recover $15,000 for personal injuries. The answer to the amended complaint alleged that plaintiff's injuries were directly due to his failure to exercise ordinary care. The case was tried before Hallam, J., who at the close of plaintiff's case granted defendant's motion to dismiss the action. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Henry W. Corey, John D. O'Brien* and *Dillon J. O'Brien,* for appellant.

*Morton Barrows,* for respondents.

BROWN, J.

Action to recover for personal injuries which, at the close of plaintiff's case, was dismissed on motion of defendant, and plaintiff appealed from an order denying a new trial.

The facts are tersely stated by the trial court in a memorandum attached to the order denying a new trial substantially as follows:

Plaintiff was a plasterer in the employ of defendants. On the morning of the day of the accident in question he was directed to work upon a scaffold which had been set in position for the work of the day. The scaffold was about six and one-half feet high, and consisted of two frame horses with three ledger boards resting upon them, and loose planks from three to four inches apart resting on the ledger-boards. This is the usual method of constructing such scaffolds, and it is moved from place to place by the workmen as the work progresses. It was moved once after plaintiff commenced work on this occasion and before the time of his injury. The negligence complained of was, first, that the planks were not all of the same length, some being twelve and others fourteen feet long, so that there were spaces between the long planks at one end, through which a man might step if not on his guard; and, second, there should have been crosspieces on the top of the platform near the end as a "foot warning" to workmen as they approached the end of the scaffold in their work. Plaintiff was thirty-two years of age, and had been at this class of work and upon scaffolds of the same general character for about six years.

About an hour before the accident plaintiff noticed the absence of the crosspieces, and also the fact that the planks were uneven at one end of the scaffold, leaving the space or opening between the long and short planks, as just referred to. Plaintiff used up all the material, and was waiting for more to be brought on, and while thus at leisure he noticed a defect at one place in the plastering, and in attempting to repair it stepped into the space between the ends of the plank and fell to the floor below. He described the matter as follows: "After I ran out of material, I stood here on this plank, and I noticed a defect in the ceiling, and walked to the mortar board, which was stationed somewhere between the center and the end, and got a little piece of mortar and came back, in a zigzag manner, to touch this defect in the ceiling, and I went through this hole and struck the cement floor."

It further appears from his testimony that, while he knew of its presence and that he was going towards it, for a moment he forgot the hole was there and stepped into it. Though he knew the hole was immediately in front of him, and plainly to be seen, he failed to exercise care to avoid it, and was injured.

There is no controversy about the facts, and the statement of the evidence makes the case clear and renders extended discussion unnecessary. Plaintiff was an experienced workman—had been engaged in this character of work and upon similar platforms or scaffolds for about six years. He was fully aware of the condition of this one, and necessarily must have appreciated the danger of stepping into the hole. He was not in any proper view absorbed in his work, resulting in an inadvertent act on his part. On the contrary, he had run out of material and was waiting for more to be brought on. While so at rest, he discovered the defect in the work already gone over, and he proceeded, deliberately, in the direction of the defect and the hole in the scaffold, which he knew was there, and without the exercise of proper care fell into the hole and was injured. We are of the opinion that reasonable minds can, from the undisputed facts, reach but one conclusion, namely, the contributory negligence of plaintiff, and that a verdict was properly directed for defendant upon that ground. Johnson v. Klarquist, 114 Minn. 165, 130 N.

W. 943; Eicheler v. Hanggi, 40 Minn. 263, 41 N. W. 975; John-son v. Ramberg, 49 Minn. 341, 51 N. W. 1043.

In view of this holding, it becomes unnecessary to consider the further question, upon which we are not agreed, whether assumption of risk in actions of this character, to be available as a defense, should be affirmatively pleaded by the defendant. The trial court dismissed the action upon both contributory negligence and assumption of risk, and, as it was right upon the former, the latter becomes immaterial.

Order affirmed.