# JOHN KOMMERSTAD v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 31, 1913.

Nos. 17,827—(187).

**Failure to fence track — risk assumed by section man.**

Failure of a railway company to fence its track as required by statute is evidence of negligence. *Held*, however, following Fleming v. St. Paul &. D. R. Co. 27 Minn. 111, that this liability is subject to such qualification as the general rules of law impose in analogous cases, and that if a section man enters and continues in such service, knowing that the road is not fenced, he assumes the risks naturally incident to such condition.

**Defects in complaint — demurrer.**

Where the facts from which assumption of risk arises appear from the face of the complaint, that question may be raised by demurrer.

**Complaint sufficient.**

. The complaint in this case contains the further allegations that defendant negligently operated its trains at an excessive rate of speed and negligently failed to give proper warnings and signals, and that by reason of such negligent operation the train struck a horse upon the track and threw it against plaintiff while plaintiff was engaged in his usual work of cutting grass upon the right of way. *Held* to state a cause of action.

**Proximate cause of injury.**

*Held*, that these occurrences were not so improbable as to warrant the court in holding as a matter of law that the wrongful act was not the proximate cause of the injury.

Action in the district court for Lyon county to recover $30,000 for personal injury. The facts are stated in the opinion. The defendant demurred to the complaint for the reason that on its face it did

[1] Reported in 139 N. W. 713.

---

Note.—As to the obligation of railroad company to employees as to fencing track, see note in 25 L.R.A. 320.

On the question of the assumption of obvious risks of hazardous employment, see note in 1 L.R.A.(N.S.) 272.

not state facts sufficient to constitute a cause of action. The demurrer was overruled, Olsen, J. From the order overruling the demurrer, defendant appealed. Affirmed.

*Winsor & Keith* and *M. L. Countryman,* for appellant.

*Tom Davis, Ernest A. Michel, D. L. Kennedy* and *John I. Davis,* for respondent.

HALLAM, J.

This is an appeal from an order overruling a demurrer to plaintiff's complaint. Plaintiff alleges that he was in the employ of the defendant as a section man cutting grass upon defendant's right of way; that defendant failed to fence its track as required by law; that by reason thereof a horse strayed upon the track near where plaintiff was employed; that while on the track it was struck by a train of defendant and thrown against plaintiff. It is further alleged "that said defendant negligently, recklessly, and carelessly ran said train at a high and dangerous rate of speed; * * * that said defendant negligently, recklessly and carelessly failed and neglected to give any warning whatsoever of the approach of said train, and that said defendant gave no signal whatsoever to keep or frighten the said horse from said tracks of said defendant, and that said defendant negligently ran said engine into and against said horse, and that by reason of the failure of said defendant to provide good and substantial fences on each side of its track at the point aforesaid, and by reason of the negligent operation of said train, and by reason of the failure of defendant to give warning of the approach of said train, and by reason of the excessive and unlawful rate of speed at which said train was run, and the negligent manner in which said train was run, said horse was struck and thrown upon and against plaintiff."

Defendant demurred on the ground that the complaint failed to state a cause of action. Two grounds of negligence are here alleged: First, the failure of defendant to fence its track as required by statute; second, the negligent operation of train. If the first ground alone were involved, the demurrer would be well taken. The statutes of this state provide that every railroad company shall maintain a

good and substantial fence on each side of its line of road, and that any company failing to comply with such requirements shall be liable for all damages resulting therefrom. R. L. 1905, §§ 1997, 1998, as amended by chapter 309, Laws 1911.

1. It is well settled that the effect of these statutes is to make a failure to fence evidence of negligence (Fleming v. St. Paul & Duluth R. Co. 27 Minn. 111, 6 N. W. 448; Ellington v. Great Northern Ry. Co. 96 Minn. 176, 104 N. W. 827), and to make the railroad company liable for all damages to person or property sustained by any person in consequence of such failure or neglect.

It is, however, equally well settled that this liability is subject to such qualification as the general rules of law impose in analogous cases; that the doctrine of assumption of risk applies as in any other case of negligence, so that if an employee enters and continues in such service, knowing that the road is not fenced, he assumes the risks naturally incident to these conditions, and in such case the employee cannot recover for an injury to his person sustained in consequence of the failure to fence. This was held in Fleming v. St. Paul & Duluth R. Co. supra, decided in 1880, and the rule has been adhered to ever since. The allegations of the complaint bring this case clearly within the rule of the Fleming case, and the decision in that case settles the rights of these parties so far as consequences of failure to fence are concerned.

2. The facts from which such assumption of risk arises appear from the face of the complaint. That question may accordingly be raised by demurrer. Some doubt was cast upon this proposition by the language of this court in Sweeney v. Poppenberger, 116 Minn. 134, 133 N. W. 474. Previous decisions of this court have, however, recognized the rule as above stated. Boyer v. Eastern Ry. Co. 87 Minn. 367, 92 N. W. 326; Manks v. Moore, 108 Minn. 284, 122 N. W. 5. We hold that the allegations of failure to fence and of the consequent injury do not state a cause of action.

But the failure of the defendant to fence the track is not the only ground of liability alleged. There are ample allegations of negligence in the operation of defendant's train.

3. It is alleged that the train was negligently operated, both in

point of speed and in failure of signals, and that such negligent operation was one of the causes of the collision with the horse. Both excessive speed and failure to give signals may be potent causes of injury to animals upon the track. Mooers v. Northern Pacific R. Co. 69 Minn. 90, 71 N. W. 905. These allegations sufficiently allege negligence on the part of the defendant and injury to the plaintiff caused thereby. Under this branch of the complaint it is quite immaterial how the horse came to be upon the track. The gist of the action is the act of defendant in throwing the horse upon plaintiff after it came there.

4. The injury was an unusual one. There may be a question whether the injury to plaintiff was the proximate consequence of the alleged negligent operation of the train, but we believe that question to be one of fact and not of law. The rule is that a person guilty of negligence is held responsible for all the consequences which a prudent and experienced person, fully acquainted with all the circumstances which in fact existed, would at the time of the negligent act have thought reasonably possible to follow if they had occurred to his mind. And this is true whether such circumstances could have been ascertained by reasonable diligence or not. Wallin v. Eastern Ry. Co. 83 Minn. 149, 158, 86 N. W. 76, 54 L.R.A. 481. If the facts alleged in the complaint are true, a jury might fairly find that the injury to plaintiff was a proximate result of the alleged negligent operation of the train. In Griggs v. Fleckenstein, 14 Minn. 62 (81) 100 Am. Dec. 199, the defendant, by negligently managing his team, permitted it to run away on a public street. His team caused the horses of a stranger to run away, and these caused damage to plaintiff. It was held that the original wrongful act of defendant was the proximate cause of plaintiff's damage. If the wrongdoer, whether handling a train or a team, instead of causing a horse to run away and to do damage to plaintiff by running, causes him to be thrown against plaintiff, the relation of cause and effect would seem to be equally clear.

Order affirmed.