# JOHN KOMMERSTAD v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 26, 1915.

Nos. 19,036—(248).

**Injury to servant — questions for jury — damages.**

The plaintiff, a section hand, working upon the defendant's right of way, was injured by a trespassing horse being struck by an engine and thrown against him. Upon a review of the evidence it is *held:*

(1) That it was a question for the jury whether the trainmen saw the horse on the track and negligently failed to give a warning or slacken speed.

(2) That it was a question for the jury whether the trainmen were negligent in failing to keep a proper lookout.

(3) That it was a question for the jury whether the negligence of the defendant, in either of the respects mentioned, was the proximate cause of the injury to the plaintiff.

(4) That the verdict, as reduced by the court, is not so excessive as to warrant interference by this court.

After the former appeal reported in 120 Minn. 376, 139 N. W. 713, the case was tried before Olsen, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict for $5,000. Defendant's motion for judgment notwithstanding the verdict was denied, and its motion for a new trial was denied if plaintiff consented to a reduction of the verdict to $3,500. From the order denying these motions, defendant appealed. Affirmed.

*James H. Hall, Aikens & Judge* and *M. L. Countryman,* for appellant.

*John I. Davis, Tom Davis* and *Ernest A. Michel,* for respondent.

PER CURIAM.

This is an action to recover damages for personal injuries alleged

[1] Reported in 151 N. W. 177.

to have been caused by defendant's negligence. Plaintiff had a verdict. Defendant appealed from an order denying its alternative motion.

The complaint was sustained as against a general demurrer upon a former appeal, the decision whereon is reported in 120 Minn. 376, 139 N. W. 713, and the facts which developed on the subsequent trial are as follows:

While plaintiff, a sectionman in defendant's employ, was, pursuant to his duties, engaged in cutting grass on its right of way, some two rods from the track at a point about one mile west of Benson, the engine of defendant's fast mail train, running westward at from 50 to 65 miles an hour, struck a trespassing horse on the track, throwing it about 195 feet against plaintiff, causing the injuries for which a recovery is sought. This happened at about noon on a bright, clear day, and no warning signals were given before the collision. Defendant's track from Benson to the place of the accident was level, and ran in a direct line on a graveled embankment about five or six feet high, with short grass on both sides. Two locomotive engineers were riding on the engine, one on the fireman's seat-box on the left side of the cab, and the other, in charge of the engine, on the engineer's seat at the right side. The latter testified that, though he was looking westerly from the time of leaving Benson, he did not see the horse until the locomotive struck it; the former, that he was keeping a lookout ahead, but first saw the animal when it was about 100 feet distant, at which time it was from 20 to 25 feet from the south side of the track, whereupon it immediately ran nearly straight across the track and was struck within five seconds from the time he first saw it. His testimony was to some extent corroborated by that of one of defendant's section foremen, who testified to the finding of horse tracks near where the horse was struck, indicating it had come out of the grass as stated. On the other hand one of plaintiff's witnesses testified that shortly after the accident he found horse tracks on the north side of the rail, for about 150 feet to the east of where the animal was struck;

and a witness for defendant, who was engaged in the same employment as plaintiff, and who was with him when the accident happened, testified to first seeing the horse when it came on the track from the south, whence it ran along the track towards the west some three or four hundred feet ahead of the engine.

1. Under the facts recited the jury might have found that the trainmen saw the horse on the track at such a time that by exercising reasonable diligence in the giving of a warning, or in slackening speed, the accident might have been avoided. The question of negligence in failing to give a warning or slacken speed was for the jury and it was properly submitted.

2. It was the duty of the trainmen to exercise ordinary care in keeping a lookout ahead of the train. They were bound to know that sectionmen were working on different portions of the road. It was a question for the jury whether they were negligent in respect of keeping a lookout; and it was properly submitted.

3. Whether the defendant's negligence, either in failing to give a warning after seeing the horse on the track, or in failing to keep a proper lookout, was the proximate cause of the injury, was for the jury. Seewald v. Schmidt, 127 Minn. 375, 149 N. W. 655, and cases cited.

4. It is claimed that the damages are excessive. The verdict was for $5,000. It was reduced to $3,500. It has the approval of the trial court. While from the record it seems that the injuries are uncertain and perhaps exaggerated, we are not prepared to say that the verdict should not stand.

Order affirmed.