OLE TORGERSON, Appellant, v. MINNEAPOLIS, ST. PAUL AND SAULT STE. MARIE RAILWAY COMPANY, a Corporation, Respondent.

(194 N. W. 741.)

**Pleading — demurrer admits truth of all well pleaded facts; demurrer does not necessarily admit inferences or conclusions from pleaded facts; facts presumed or reasonably or necessarily inferred from those alleged admitted by demurrer; legal conclusions or inferences of fact not presumed or necessarily inferred from facts alleged not admitted by demurrer.**

1. The demurrer admits the truth of all well pleaded facts, but not necessarily the inferences or conclusions drawn therefrom, though alleged in the complaint; facts presumed or reasonably or necessarily inferred from those alleged are also admitted. Legal conclusions or inferences of fact, which are not presumed or which may not be reasonably or necessarily inferred from the facts alleged, are not admitted by the demurrer.

Note.—The rule that it is the duty of a master to exercise ordinary care to provide a reasonably safe place for his servants is held not to be applicable to cases in which the work which the servants are employed to do is of such a nature that its progress is constantly changing the conditions as regards an increase or diminution of safety, as will be seen by an examination of the authorities collated in notes in 19 L.R.A.(N.S) 340; 28 L.R.A.(N.S.) 1267; 18 R. C. L. 595; 3 R. C. L. Supp. 828.

**Master and servant — railroad held not negligent as to section hand unloading doors in car.**

2. Where plaintiff, a section hand, of three years' experience as a section hand, was directed to unload grain doors piled in three piles in a box car, and where, after removing the central pile, one of the others toppled over, injuring plaintiff, it is *held*, for reasons stated in the opinion, that such facts, appearing upon the face of the complaint, do not constitute actionable negligence on the part of the defendant, based upon (a) failure to furnish a reasonably safe place in which to work, or (b) to instruct and warn servant as to the method of work, or of the danger that a pile might fall when the one in the middle was removed.

**Master and servant — rule requiring master to furnish safe place inapplicable to changing conditions.**

3. Where it appears, on the face of the complaint, that the risk or danger, if any, arises by reason of the actual prosecution of the work, because of change in conditions, and the manner in which the work is from time to time prosecuted, the rule that the master must furnish the servant a reasonably safe place to work has no application.

**Master and servant — duty to warn servant stated.**

4. The duty to warn exists only when the master possesses knowledge of risks or dangers, or should, in the exercise of ordinary care for the servant's safety, have such knowledge, not within the knowledge of the servant or discernible by the latter, in the exercise of ordinary care. There is no liability for failure to anticipate danger to a servant or to warn him thereof, unless the master's knowledge of the danger or opportunity to have knowledge thereof, having in mind the master's primary duty to make inquiry, is superior to that of the servant.

**Master and servant — no duty to warn servant as to operation of natural laws.**

5. It is not the duty of the master to warn or instruct a servant of ordinary intelligence and experience, with his faculties of observation unimpaired, as to the operation of natural laws.

**Master and servant — risk known by one of ordinary prudence, assumed.**

6. The allegation that plaintiff did not "know or appreciate the danger to himself in the sudden shifting of the doors" is not necessarily sufficient to make a case for the jury. If a person of ordinary prudence, of the age and experience of the plaintiff, in the same or a similar situation, would have known and appreciated the danger and risk, the servant will be deemed, as a matter of law, to have assumed the risk.

**Master and servant — complaint showing ordinary risk demurrable.**

7. When the complaint, upon its face, fails to show actionable negligence on the part of the defendant, and affirmatively shows that the risk was an

ordinary one, and was therefore assumed by the plaintiff, a demurrer thereto should be sustained.

Opinion filed June 28, 1923.  Rehearing denied July 23, 1923.

Master and Servant, 26 Cyc. p. 1101 n. 31; p. 1114 n. 86; p. 1166 n. 97; p. 1167 n. 1; p. 1168 n. 8; p. 1171 n. 26; p. 1196 n. 99; p. 1393 n. 78; p. 1397 n. 89; Pleading, 31 Cyc. p. 333 n. 76; p. 335 n. 77, 78, 79, 80; p. 336 n. 83.

Appeal from an order of the District Court of Ramsey County, *Buttz, J.*

Affirmed.

*L. R. Nostdal (Knauf & Knauf,* on briefs), for appellant.

"If a master employs a servant to do work in a dangerous place or where the mode of doing the work is dangerous and apparent to a person. of capacity and knowledge of the subject, yet if the servant employed to do work of such a dangerous character or in a dangerous place, from youth, inexperience, ignorance, or want of general capacity may fail to appreciate the danger, it is a breach of duty on the part of the master to expose a servant of such character, even with his *consent,* to such dangers, unless he first gives him such instructions or caution as will enable him to apprehend them, and do his work safely with proper care on his part."  Hughes v. Chicago, M. & St. P. R. Co. (Wis.) 48 N. W. 259; Wyldes v. Patterson, 24 N. D. 218.

"A superior is bound to know whatever may endanger the person or life of an employee in the discharge of the duties of his employment and is bound specially to warn him of the nature of the danger unless such employee well knew of the existence of the hazard or risk and willingly exposed himself to it."  Stucke v. Orleans R. Co. 50 La. Ann. 188; 123 N. Y. 280; 16 Am. Neg. Cases, p. 790; Kepler v. Schwenk, 151 Pa. 505, 25 Atl. 130; Brennan v. Gordon, 118 N. Y. 489.

"A workman, when ordered from one part of the work to another, cannot be allowed to stop, examine and experiment for himself, in order to ascertain if the place assigned to him is a safe one; and therefore, in obeying the order, while he assumes obvious and ordinary risks, he has a right to rely upon a faithful discharge of the master's duty to use ordinary care to warn and protect him against unusual dangers."  Carlson v. N. W. Tel. Exch. Co. 63 Minn. 433.

The question of assumption of risk is an affirmative defense and the

question of whether the servant knew of and appreciated the danger and therefore assumed the risk is a question for the jury. Jacobson v. Hobart Iron Co. (Minn.) 114 N. W. 951; Armour v. Golkouska (Ill.) 66 N. E. 1037; note in 28 L.R.A.(N.S.) 1128.

The doctrine of assumption of risk has no application where the master is negligent. The negligence of the master in the case at bar is alleged and admitted by the demurrer. George v. St. Louis & S. F. R. Co. (Mo.) 125 S. W. 196.

The question of contributory negligence must be raised by answer and the burden of proving contributory negligence is upon the defendant. Oswerson v. Grafton, 5 N. D. 281.

"If persons engaged in dangerous occupations are not informed of the accompanying dangers, by the promoters thereof or by the employers thereon and such laborers remain in ignorance of the dangers and suffer in consequence, the employers will be chargeable for the injuries sustained." Mather v. Rillston, 156 U. S. 391, 39 L. ed. 464.

"A workman must know the dangers of his employment by actual experience in the employment or by the instructions of his employer before he can be held to have assumed them." Rummel v. Dilworth, 131 Pa. 509.

"A master who withholds from his servant such information as is necessary to enable him to provide for his own safety does so at his own peril." Hammond Co. v. Johnson, 38 Neb. 244.

*Flynn, Traynor & Traynor* and *John E. Palmer,* for respondent.

"The peril was as obvious as the certainty that a crooked pile of child's blocks will fall when it becomes sufficiently top-heavy, or when it is struck  .  .  .  Under the circumstances of this case it is clear that notwithstanding the master's order, the servant assumed the risks of his employment, created by his own work, present to his sight, obvious at a glance and as familiar as any experience in life." Hagglund v. St. Hilaire Lumber Co. (Minn.) 106 N. W. 91.

If the specific facts do not support the legal conclusion pleaded, the specific facts control, and the pleading is bad. Carlson v. Board, 67 Minn. 436, 80 N. W. 3; Casey v. McIntyre, 45 Minn. 526, 48 N. W. 402; Moon v. Allen, 82 Minn. 89, 84 N. W. 654; Dana v. Porter, 14 Minn. 355; State v. Ring, 29 Minn. 78, 11 N. W. 228.

"The general rule of law declaring the duty of the master in regard

to furnishing a servant a safe place to work, is usually applied to a permanent place, or to one which is quasi permanent. It does not apply to such places as are constantly shifted and being transformed as a direct result of the servant's labor, and where the work in its progress necessarily changes the character for safety of the place in which it is performed, as it progresses." Hagglund v. Lumber Co. 97 Minn. 94, 106 N. W. 91; Hostager v. Paper Co. 110 Minn. 408, 125 N. W. 902. See also L. & N. v. Dunn (Ga.) 94 S. E. 661; Tomczek v. Johnson, 110 Minn. 320, 125 N. W. 268.

There can be no question but what the question of assumption of risk can be raised on demurrer. Kommerstad v. G. N. 120 Minn. 376, 139 N. W. 713; Judd v. So. R. Co. (Ky.) 188 S. W. 880.

An employee also assumes all risks of conditions as he finds them, even though such conditions may be due to the master's negligence or the negligence of fellow servants. Hermann v. Clark, 89 Minn. 132, 94 N. W. 436; Manore v. Kilgore, 107 Minn. 347, 120 N. W. 340; Boyer v. Eastern R. Co. 87 Minn. 367, 92 N. W. 326.

And if the danger and risk is as apparent to servant as to the master, the master is not liable. Smith v. Tromanhauser, 63 Minn. 98, 65 N. W. 144; Reid v. N. W. Fuel Co. 116 Minn. 96, 133 N. W. 161; Galland v. G. N. 101 Minn. 540, 111 N. W. 1133; G. C. & S. F. v. Drennan (Tex.) 204 S. W. 691; Pruitt v. Norfolk & W. (Ky.) 221 S. W. 552; G. C. & S. F. v. Clement (Tex.) 220 S. W. 407; A. C. L. v. Kennedy (Ga.) 92 S. E. 973; Anderson v. Fred Johnson Co. 116 Minn. 56, 133 N. W. 85.

"It was a danger that did not require the teaching of the event. Therefore, it was a present risk and therefore it was assumed." Mc-Adoo v. Anzellotti, 271 Fed. 268; Hagglund v. St. Hilaire Lbr. Co. 97 Minn. 94, 106 N. W. 91.

"The duty of the master does not extend to dangers and risks that are apparent and obvious, or that *might be discovered by the exercise of reasonable care and prudence.*" Dixon v. Union Iron Works, 90 Minn. 492, 97 N. W. 375.

"The danger was inherent in the nature of the work and was perfectly apparent. There was no hidden or unknown danger; nothing broke and nothing gave way." Davison v. Ressler, 128 Minn. 204, 150 N. W. 802.

"A complaint in an action to recover damages for negligence must state the act of negligence complained of, and the plaintiff must recover, if at all, upon the particular act of negligence stated in the complaint." Hall v. Northern Pacific R. Co. 16 N. D. 60.

JOHNSON, J. This is an appeal from an order of the district court of Ramsey county, sustaining a demurrer to the complaint.

The plaintiff alleges that for about three years prior to the date of the injury described, he was employed by the defendant as a section hand; that he was fifty years of age; that on or about the 29th day of July, 1921, he was ordered by the foreman of the defendant to unload a box car containing grain doors; "that the said foreman did not inspect the interior of said car or instruct the plaintiff as to the manner in which plaintiff was to proceed with the unloading of said car; that said car was fully loaded with certain grain doors and in the following manner: a pile in the center of the car and two piles on each side thereof; that plaintiff had no previous experience in unloading cars like the car he was ordered to unload; that he did not know and appreciate the danger to himself in the sudden shifting or sliding of the piles of doors during the process of unloading; that he had no reason to anticipate that the piles of doors in either end of the car might, on the removal of the central pile, slide and topple over on him; that an inspection of the place where he was ordered to work would not reveal the imminent danger he would be exposed to; that defendant, thru its section foreman, failed to discharge the duty that it owed to plaintiff, its servant, to inspect said premises where plaintiff was ordered to work and to warn plaintiff, prior to his entering the car, of the existing danger of said grain doors suddenly shifting, sliding or toppling over upon him when the central pile had been removed and he started to work on the next pile."

Then follow allegations to the effect that the plaintiff proceeded to unload the car and, when he had removed the central pile of doors, a pile next thereto shifted its position and toppled over on plaintiff and injured him before he could escape. The plaintiff then continues: "That the proximate cause of plaintiff's said injuries suffered by him, as aforesaid, was the failure of the defendant to provide a reasonably safe place in which he was to work and to warn plaintiff before he en-

tered on said work of the existing danger to him while so performing said work hereinbefore referred to; that the existing danger to plaintiff, while performing the work he was so ordered to do, was known, or in the exercise of due care should have been known to the defendant and was not known to the plaintiff and could not have been seen and thereby anticipated by plaintiff upon inspection of the inside of said car before or during the progress of the work he was set to do by the defendant." Plaintiff then alleges in general terms that the injuries were occasioned by the negligence of the defendant "as aforesaid" and were not caused by any "contributory negligence on the part of this plaintiff."

The trial court sustained a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

Section 7458, Comp. Laws 1913, provides that "in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view of substantial justice between the parties."

It is elementary that the complaint must allege facts which show actionable negligence on the part of the master and that the injuries complained of were the proximate result of such negligence. It is also elementary that if the pleading clearly shows on its face that there was no negligence on the part of the defendant, and that the risk was an ordinary risk which the plaintiff assumed as a matter of law, the demurrer was properly sustained. Kommerstad v. Great Northern R. Co. 120 Minn. 376, 139 N. W. 713.

A demurrer admits the truth of all well-pleaded facts, but not necessarily the inferences or conclusions drawn therefrom, though alleged in the complaint; facts presumed or reasonably or necessarily inferred from those alleged are also admitted. 31 Cyc. 335, 336. Legal conclusions or inferences of fact which are not presumed or which may not be reasonably or necessarily inferred from the facts alleged, are not admitted by the demurrer.

It will be noticed from the portions of the complaint heretofore set out that the proximate cause of the plaintiff's injury is alleged to be: First, the negligent failure on the part of the defendant to furnish a reasonably safe place in which to work, and secondly, a negligent fail-,

ure on the defendant's part to instruct plaintiff how to proceed to unload the doors and to warn plaintiff of the danger that the remaining pile or piles of doors might shift and topple over upon plaintiff, when the central pile was removed. We shall discuss these propositions in the order stated.

Plaintiff alleges "that an inspection of the place where he was ordered to work would not reveal the imminent danger he had been exposed to." Taking this allegation as true, "the imminent danger" to plaintiff must have resulted from the prosecution of the work he was engaged to do—the manner of the removal of the grain doors from the car. The premises, including the car and the piles of doors, were not, in themselves, dangerous, or unsafe; the danger or risk came into existence only, if at all, after the work of unloading commenced and by reason of the actual prosecution of the work, of changing conditions and of the manner in which the work was done. We think that the rule that the master must furnish the servant a reasonably safe place to work has no application in this case. Gulf, C. & S. F. R. Co. v. Drennan, — Tex. Civ. App. —, 204 S. W. 691; Riley v. Neptune, 181 Ind. 228, 103 N. E. 406, 7 N. C. C. A. 352; Hostager v. Northwest Paper Co. 110 Minn. 408, 125 N. W. 902.

Did the defendant owe a duty to the plaintiff to instruct him how to proceed to unload the doors and to warn him of the risk and danger that the pile of doors on either side of the central pile might topple over when the latter was removed? It seems to be fundamental that the duty to warn exists only when the master possesses knowledge of risks or dangers, or should, in the exercise of ordinary care for the servant's safety, have such knowledge, not within the knowledge of the servant, or discernible by the latter in the exercise of ordinary care. In order to hold that the complaint in this case states facts constituting actionable negligence on the part of the master for not anticipating danger to the plaintiff, we would be required to hold that the defendant should, in the exercise of ordinary care, have anticipated that the plaintiff would remove the central pile first, leaving the other piles untouched, and that one or both of the other piles would fall on plaintiff. We do not understand that to be the law. The master was not, under the facts alleged, required to assume or anticipate that the servant would ignore natural laws, adopt a method of work manifestly

dangerous, or one which a person of his age and experience, in the exercise of ordinary care, must have known to be dangerous under the circumstances. There can be no liability for failure to anticipate danger to a servant and to warn him thereof, unless the master's knowledge of the danger, or opportunity to have knowledge thereof, having in mind the master's primary duty to make inquiry, is superior to that of the servant. Ahern v. Amoskeag Mfg. Co. 75 N. H. 99, 21 L.R.A. (N.S.) 89, 71 Atl. 213. The master here had no reason to anticipate that the servant would remove the central pile and leave one pile on each side standing with consequent danger to himself from the falling of one or both of them. San Antonio Sewer Pipe Co. v. Noll, 37 Tex. Civ. App. 269, 83 S. W. 900. It would seem reasonable to suggest that, if it cannot be held negligent on the part of the plaintiff to unload the doors in such a way as to leave a pile or piles standing in such a position as to be manifestly dangerous to himself, it cannot be deemed negligence on the part of the defendant to fail to anticipate that he would do this very thing and to omit to warn plaintiff against unloading the doors in this particular way. Such risk as there was lay entirely in the method of work adopted by plaintiff. Dunbar v. Hollingsworth & W. Co. 109 Me. 461, 84 Atl. 992; Ness v. Great Northern R. Co. 25 N. D. 572, 582, 142 N. W. 165. Whatever danger inhered in the method adopted was clearly discernible to a man of ordinary intelligence and experience. Labatt, Mast. & S. § 1249.

In the case at bar, the allegations that the plaintiff had no experience in "unloading cars like the one he was ordered to unload" and that the existence of danger to the plaintiff was unknown to him, are not sufficient, when the nature of the work is considered, to require specific instruction as to the method of work or warning of the danger that one pile might fall when another and adjoining one was removed. When the work is simple and the danger is observable to an ordinarily prudent and careful person, there is no duty to warn. Boyer v. Eastern R. Co. 87 Minn. 367, 92 N. W. 326, 12 Am. Neg. Rep. 496. The work of unloading these grain doors was not complicated or difficult. It called for no particular system or rules of procedure; the most inexperienced and unskilled workman, using his eyes and his intelligence, could unload such doors without any instructions or rules to guide him. There was no latent danger inherent in the work or in the

piles of doors which any ordinary man could not see and appreciate. To have warned plaintiff that one pile of doors might tumble down if the support of another pile were withdrawn, would have been but to call his attention to the operation of a natural law,—the law of gravitation, presumed to be known to him (Riley v. Neptune, supra), under conditions so obviously commonplace that the average boy would have scorned the warning as alike a reflection upon his intelligence and upon his capacity for ordinary observation. (Props v. Washington Pulley & Mfg. Co. 61 Wash. 8, 45 L.R.A.(N.S.) 658, 111 Pac. 888; Bollington v. Louisville & N. R. Co. 125 Ky. 186, 8 L.R.A.(N.S.) 1045, 100 S. W. 850). We are constrained to hold that, in the exercise of common observation, any man of ordinary intelligence would understand the situation entirely and appreciate the risk to his person involved in removing the central pile of doors from the car while leaving a pile on each side standing. No warning could have made the danger plainer; the probability that the doors might fall could not be better known or understood by the employer than by the employee; it was obvious to any person having knowledge of elementary natural laws, presumed a common possession of the mass of mankind. It seems clear, therefore, that the master was not negligent in failing to warn the servant. Johanson v. Webster Mfg. Co. 139 Wis. 181, 120 N. W. 832.

There is no allegation that the doors were negligently piled in the car; or that they were piled in an unusual manner, or that plaintiff never unloaded grain doors before and did not know the proper manner of unloading them. There is no allegation in the complaint from which it can be inferred that the defendant knew or should have known that plaintiff would first remove the central pile, leaving the others a standing menace to himself, or that it was at fault in permitting the risk to exist that one pile of doors might fall when another was removed, or that such risk resulted from any negligent act or omission on its part. There is no allegation that defendant knew that plaintiff had no experience in unloading grain doors. In other words, the risk that the doors might slide or topple down, under the circumstances, was an ordinary risk, understood by plaintiff, incidental to the employment and the method of unloading adopted by plaintiff and was, therefore, assumed by him. Labatt, Mast. & S. §§ 1166, 1167. The

risk having been ordinary and such as to be observable and appreciated by a person in the use of ordinary observation and of ordinary intelligence, the presumption being that plaintiff was in the possession of ordinary and unimpaired faculties of observation, there was no duty to warn or instruct the servant. Labatt, Mast. & S. §§ 1144, 1145.

The allegation that plaintiff did not "know or appreciate the danger to himself in the sudden shifting of the doors," is not necessarily sufficient to make a case for the jury. Plaintiff may, as a matter of law, nevertheless have assumed the risk. "A servant assumes all the ordinary risks which are incidental to his employment;  .   .   .   the inability to maintain an action is a peremptory conclusion of law, if it is apparent that the injury resulted from a risk of this description, unless the plaintiff can adduce evidence which fairly tends to show that the injured person, by reason of his want of experience or his tender years, was not changeable with that comprehension of the risk, which, in the absence of such evidence, he is presumed to possess." Labatt, Mast. & S. § 1167. The facts alleged in the complaint support, but certainly do not negative, the presumption of which the author speaks. If a person of ordinary prudence, of the age and experience of the plaintiff, in the same or a similar situation, would have known and appreciated the danger and risk, he will be deemed, as a matter of law, to have assumed the risk. Brownwood Oil Mill Co. v. Stubblefield, 53 Tex. Civ. App. 165, 115 S. W. 626; Labatt, Mast. & S. § 1307. From the averments in the complaint, it seems clear that plaintiff himself was guilty of negligence, or that, in any event, he assumed the risk that the method adopted might result in injury to himself. Reasonable minds could draw no other conclusions from the facts alleged. Unsted v. Colgate Farmers Elevator Co. 18 N. D. 309, 122 N. W. 390; Hagglund v. St. Hilaire Lumber Co. 97 Minn. 94, 106 N. W. 91.

Inasmuch as the facts alleged in the complaint fail to show negligence on the part of the defendant or any want of ordinary care, and that the risk was an ordinary risk and, therefore, assumed by the servant, the order of the trial court, sustaining the demurrer, was right and it is *affirmed*, with leave to file and serve an amended complaint within thirty days from date of remittitur.

BIRDZELL, CHRISTIANSON, and NUESSLE, JJ., concur.

BRONSON, Ch. J. (specially concurring). I concur in an affirmance. The complaint through its general allegations and in pleading conclusions of law, fails to allege with certainty and definiteness facts sufficent to constitute a cause of action for negligence against the master.